■ DOMINIC DI CIOCCIO, Respondent, v. ANTHONY DI RIENZO, Appellant et al., Defendant.— Order confirming report, and the judgment, unanimously modi-

fied on the law and facts in accordance with the Memorandum herein, and as modified, affirmed, without costs. Memorandum: In computing the schedule of moneys due to the corporate defendant from defendant Di Rienzo, the latter should have been allowed compensation for his personal services in the operation and management of the auto wash business during the period covered by the accounting incorporated in the order and judgment appealed from. There is no proof that Di Rienzo was guilty of any mismanagement in the operation of the business; the record sustains the conclusion that his services were satisfactory and that, had he not acted as manager during this period, it would have been necessary to employ someone else to perform these functions. It might be noted that during the time the Receiver operated the business he operated it at a loss. Furthermore, we cannot ignore plaintiff's long delay in seeking appointment of a Receiver, during which defendant Di Rienzo was rendering personal services and producing income for the corporation for which he has been denied compensation. We think that compensation at the rate of $100 per week should have been allowed to Di Rienzo as a credit against the moneys found to be due from him to the corporation. Using the form which is Schedule A attached to the Referee's report for determining moneys due to the corporate defendant, we have allowed Di Rienzo a credit for personal services at the rate of $5,200 per year for the period covered by the order and judgment, and have computed interest on the reduced annual amounts due. The order should be modified by reducing the sum of $79,917.06 to $43,493.96 and the judgment modified by reducing the sum of $80,817.21 to $44,394.11. No appeal having been taken from the later judgments and orders, we make no determination as to them. (Appeal from judgment and order of Erie Trial Term in shareholder's derivative action.) Present — Bastow, P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.